HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CESARE DADDABBO, et al.,

    Plaintiffs,

    v.

COUNTRYWIDE HOME LOANS, INC., et al.,

    Defendants.

CASE NO. C09-1417RAJ

ORDER

This matter comes before the court on the motion of Defendant Countrywide Home Loans, Inc. ("Countrywide") for summary judgment. Dkt. # 36. Plaintiffs did not oppose the motion. Indeed, since the court entered its May 20, 2010 order granting in large part Defendants' motion to dismiss, Plaintiffs have not opposed any motion filed in this case. *See* Local Rules W.D. Wash. CR 7(b)(2) ("If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). For the reasons stated below, the court GRANTS the motion and directs the clerk to enter judgment.

Countrywide is the sole remaining Defendant[1] in this action arising out of Plaintiffs' refinancing of their home in 2007. The sole remaining claim against

---

[1] Decision One Mortgage Company LLC and Pacific Mortgage Loans, Inc. were named as Defendants, but were never served. With the exception of Countrywide, the court dismissed claims against all Defendants who were served in its May 20, 2010 order.

ORDER – 1

Countrywide, as the court described in its May 20 order, is a claim that it violated the Real Estate Settlement Procedures Act ("RESPA") by failing to respond timely to a qualified written request from Plaintiffs.

The evidence shows that Countrywide sent Plaintiffs a notice in November 2006 that it would become the servicer for their mortgage effective December 1, 2006. DeMartini Decl., Ex. 1. Among other things, the letter provided an address for Plaintiffs to send a qualified written request regarding the servicing of their loan. RESPA defines a "qualified written request" as "written correspondence" that "includes, or otherwise enables the servicer to identify, the name and account of the borrower; and . . . includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

On about August 21, 2008, Plaintiffs' counsel sent Countrywide a six-page letter that he asked Countrywide to treat as a qualified written request. DeMartini Decl., Ex. 2. Counsel sent that letter to a different address than the one disclosed in the November 2006 notice. *Id.* at 1. The letter included no particular complaint about Countrywide's servicing of the loan, but rather made 34 itemized requests for information about the loan. *Id.* at 1-5. The letter also threatened Countrywide with suit, but did not explain the basis of the suit.

Countrywide responded to the letter in a September 29, 2008 letter of its own. DeMartini Decl., Ex. C (Oct. 1, 2008 letter from Plaintiffs' counsel acknowledging receipt of the September 29 letter). In his October 1 letter in response, counsel acknowledged that Countrywide claimed it did not receive his earlier letter until September 5. He disputed that claim, and contended that Countrywide violated RESPA by not responding to his qualified written request within 20 business days, as RESPA requires. 12 U.S.C. § 2607(e)(1)(A) (requiring response to a qualified written request

ORDER – 2

within "20 days (excluding legal public holidays, Saturdays, and Sundays)"). The October 1 letter also purported to rescind Plaintiffs' mortgage.

Countrywide responded in another letter on December 3, 2008. DeMartini Decl., Ex. D. In that letter, Countrywide explained that it believed counsel's requests for information went "well beyond that which is available through a qualified written request made under 12 U.S.C. § 2605(B)." *Id.* The letter did provide responses, however, to "those of [counsel's] inquiries that were consistent with 12 U.S.C. § 2605." *Id.*

For at least two reasons, Plaintiffs' counsel's August 2008 letter was not a qualified written request. First, a borrower's right to submit a qualified written request is not of indefinite duration; it is tied to his receipt of a notice that the servicing of his loan has been transferred. 24 C.F.R. § 3500.21(e)(2)(ii) (" [A] written request does not constitute a qualified written request if it is delivered to a servicer more than 1 year after either the date of transfer of servicing or the date that the mortgage servicing loan amount was paid in full, whichever date is applicable."). Counsel's August 21, 2008, letter came much more than a year after Countrywide notified his clients of the transfer of servicing of their loan.

Second, a loan servicer has the right to designate an address for qualified written requests in its notice of transfer. 24 C.F.R. § 3500.21(e)(1) ("By notice either included in the Notice of Transfer or separately delivered by first-class mail, postage prepaid, a servicer may establish a separate *and exclusive* office and address for the receipt and handling of qualified written requests.") (emphasis added). Counsel did not use the address designated in the notice of transfer.

Because counsel did not submit a qualified written request, RESPA imposed no duty on Countrywide to respond to it within a particular time. Accordingly, any RESPA claim based on the timing of Countrywide's response fails as a matter of law. In addition, while Plaintiffs' failure to oppose Countrywide's motion leaves the court with

ORDER – 3

1    no one to articulate their claims, the court notes that any RESPA claim based on the
2    substance of Countrywide's response to counsel's letter would fail for the same reasons.
3        For the reasons stated above, the court GRANTS Countrywide's unopposed
4    motion for summary judgment.  Dkt. # 36.  As this order disposes of all claims against all
5    remaining Defendants, the court DISMISSES this action with prejudice as to all
6    Defendants except Decision One Mortgage Company and Pacific Mortgage Loans, who
7    were never served.  The court directs the clerk to enter judgment in accordance with this
8    order.
9        DATED this 27th day of October, 2010.

            _____
            The Honorable Richard A. Jones
            United States District Judge

28   ORDER – 4